Filed 9/28/2017 3:35 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Poche
Deputy

CAUSE NO. 17-0906 _____

| | | |
|---|---|---|
| IRENE MONTALVO HERNANDEZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRISON COUNTY, TEXAS |
| GLENN LEROY TRIMMER and RCX SOLUTIONS, INC. d/b/a PSYCHO TRUCKING, LLC., and MPV EXPRESS, INC. *Defendants.* | § § § § § | 71ST _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## WITH REQUESTS FOR DISCLOSURE ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, IRENE MONTALZO HERNANDEZ, Plaintiff herein, and files this her original petition with requests for disclosure attached complaining of GLENN LEROY TRIMMER and RCX SOLUTIONS, INC. d/b/a PSYCHO TRUCKING, LLC and MPV EXPRESS, INC., Defendants herein, and for cause of action would respectfully show this Honorable Court as follows:

### Discovery Control Plan

1. It is your Plaintiff's intention to conduct discovery herein under a Level 3 Discovery Control Plan.

### Plaintiff

2. Plaintiff, IRENE MONTALZO HERNANDEZ ("HERNANDEZ"), is a natural person who at all times material hereto lived, resided, and was domiciled in the City of Fort Worth, Tarrant County, Texas. The last three digits of Plaintiff's social security number are 901.

PLAINTIFF'S ORIGINAL PETITION         1

TRUE AND CORRECT COPY

## Defendants

3. Defendant, GLENN LEROY TRIMMER ("TRIMMER"), is a natural person who at the time of the collision in Texas complained about herein lived, resided and was domiciled in Rawlings, Allegany County, Maryland. Defendant TRIMMER may be personally served with citation herein at his usual place of abode located at 15913 Blooming Fields Drive, Rawlings, Maryland 21557, or wherever he may be found.

4. Defendant, RCX SOLUTIONS, INC. (d/b/a Psycho Trucking, LLC.) ("RCX") is a foreign corporation with its principal offices located in the City of Benton, Saline County, Arkansas, but which is licensed and registered as an interstate motor carrier. Defendant RCX engaged in business in the State of Texas by allowing its employee, agent, or representative, Defendant TRIMMER, to operate a motor vehicle on the roads and highways of the State of Texas and being involved in a motor vehicle collision with Plaintiff in Harrison County, Texas. Tex. Civ. Prac. & Rem. Code §§ 17.041 and 17.042(2). Defendant RCX may be served by citation herein by serving its registered process agent, Ronald G. Gillert at 600 Pine Forest, Suite 104, Maumelle, Arkansas 72113, by certified mail.

5. Defendant, MPV EXPRESS, INC. ("MPV") is a foreign corporation with its principal offices located in the City of Hensley, Pulaski County, Arkansas, but which is licensed and registered as an interstate motor carrier. Defendant MPV engaged in business in the State of Texas by allowing its employee, agent, or representative, Defendant TRIMMER, to operate a utility trailer on the roads and highways of the State of Texas and being involved in a motor vehicle collision with Plaintiff in Harrison County, Texas. Tex. Civ. Prac. & Rem. Code §§ 17.041 and 17.042(2). Defendant MPV may be served by citation herein by serving its

TRUE AND CORRECT COPY

registered process agent, Michael Vogelpohl at 11701 Interstate 30, Suite 304, Little Rock, Arkansas 72209, by certified mail.

### Jurisdiction

6. Plaintiff's damages are within the jurisdictional limits of this Honorable Court. Pursuant to the Texas Rules of Civil Procedure these causes fall under Rule 47(c)(4) as Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000. Of course, the actual amount necessary to reasonably and fairly compensate Plaintiff for the harm caused in the collision is something the jurors are uniquely qualified to answer based on the evidence.

### Venue

7. Venue is proper in Harrison County, Texas, in that the cause of action accrued in said County.

### Conditions Precedent

8. All conditions precedent have been met, occurred or excused.

### Factual Statement

9. On November 17, 2015, Plaintiff HERNANDEZ was a passenger in a 2016 White Peterbuilt Truck tractor-trailer traveling eastbound on Interstate Highway 20 in Harrison County, Texas, when she was struck by a 2005 Kenworth tractor-trailer being operated by Defendant TRIMMER.

10. Defendant TRIMMER was driving too fast for the road conditions and failed to properly and safely change lanes striking Plaintiff's vehicle.

11. Defendants RCX and MPV negligently, recklessly, and willfully entrusted the vehicle to TRIMMER when it knew or should have known that the improper operation of a

TRUE AND CORRECT COPY

truck-tractor on a public roadway, constituted a serious hazard and danger to the driver and other motorists on the roadways of the State of Texas.

12. As a result of the collision, the vehicle in which Plaintiff HERNANDEZ was a passenger jackknifed and crashed off the roadway in the barrow ditch.

13. At the time of the occurrence Defendant TRIMMER was operating a tractor-trailer believed to be owned, maintained, and controlled by Defendants RCX and MPV.

14. Defendant TRIMMER is also believed to have been in the course and scope of his employment with RCX and MPV at the time.

15. As a result of this collision your Plaintiff suffered severe injuries and damages. Your Plaintiff would show that the negligence of Defendants proximately caused the occurrence, injuries, and damages complained of herein.

### Negligent Entrustment

16. Defendant RCX AND MPV owned and/or controlled the vehicle driven by Defendant TRIMMER at the time of the collision, and authorized and consented to his operation of the vehicle even though it even it knew or should have known he was a reckless or incompetent driver. Therefore, under negligent entrustment doctrine Defendant RCX and MPV is vicariously liable for the negligent conduct or Defendant TRIMMER, which proximately caused the collision.

### Respondeat Superior

17. Defendant TRIMMER was in the course and scope of his employment with Defendant RCX and MPV at the time of the occurrence; therefore, Defendant RCX and MPV are vicariously liable for the negligent conduct of Defendant TRIMMER.

TRUE AND CORRECT COPY

### Negligence - Trimmer

18. At all times material hereto Defendant TRIMMER committed various acts and omissions, each of which constitutes negligence, at common law or as a matter of law, which was a proximate cause of the occurrence, damages and injuries complained of herein. Said acts and omissions of negligence include, but are by no means limited to, the following:

(a) In failing to properly maintain, repair, and service his tractor-trailer as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(b) In failing to properly perform post-trip and pre-trip inspections as an ordinary prudent company would have done under similar circumstances;

(c) In failing to control the speed of the tractor-trailer as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(d) In failing to properly and/or timely apply the brakes as a person exercising ordinary care and prudence would have done under the same or similar circumstances;

(e) In failing to keep an assured clear distance between the vehicles as a person exercising ordinary care and prudence would have done under the same or similar circumstances and in violation of the Texas Transportation Code;

(f) In failing to take proper evasive action as a person exercising ordinary care and prudence would have done under the same or similar circumstances; and

(g) In failing to yield the right-of-way as a person exercising ordinary care and prudence would have done under the same or similar circumstances and in violation of the Texas Transportation Code.

(h) In failing to safely change lanes as a person exercising ordinary care and prudence would have done under the same or similar circumstances and in violation of the Texas Transportation Code.

19. Your Plaintiff would show that any or all of said acts and omissions listed above, constitute negligence at common law or as a matter of law, in violation of federal and state law, and any or all of which acts, omissions, and/or conduct was not only negligent, negligent per se, reckless, and was a proximate cause of the occurrence, damages and injuries complained of herein.

TRUE AND CORRECT COPY

20. Your Plaintiff would show that Defendant RCX and MPV are vicariously liable for the negligent acts and omissions described above under the negligent entrustment and respondeat superior doctrine.

### Negligence - RCX and MPV

21. At all times material hereto Defendant RCX AND MPV committed various acts and omissions, each of which constitutes negligence, at common law or as a matter of law, which was a proximate cause of the occurrence, damages, and injuries complained of herein. Said acts and omissions of negligence include, but are not limited to the following:

(a) In hiring, retaining, and/or supervising Defendant TRIMMER as an ordinary prudent company would have done under similar circumstances;

(b) In failing to have safe driving policies and procedures and/or to follow any such policies and procedures that were in existence, as an ordinary prudent company would have done under similar circumstances;

(c) In failing to properly maintain, repair, and service their tractor-trailers operated by Defendant Trimmer, as an ordinary prudent company would have done under similar circumstances;

(d) In failing to properly perform post-trip and pre-trip inspections as an ordinary prudent company would have done under similar circumstances;

(e) In failing to employ, train, supervise, and/or monitor, and to have capable, qualified and certified mechanics and brake inspectors to maintain the tractor-trailers and equipment transporting products on the roadways of the State of Texas, as an ordinary prudent company would have done under the same or similar circumstances;

(f) In allowing a vehicle to enter the roadway that Defendants knew should have been taken out of service endangering the health, safety, and welfare of other motorists; and,

(g) Negligently, recklessly, and willfully entrusting defective vehicles when it knew or should have known they were defective and/or malfunctioning and constituted a serious hazard and danger to the drivers and other motorists on the roadways of the State of Texas.

22. Any or all of the negligent acts and omissions listed above, among others, constitute negligence at common law or as a matter of law, in violation of federal and state law, and any or all of which acts, omissions, and/or conduct was not only negligent, negligent per se, reckless,

TRUE AND CORRECT COPY

and any or all of which was a proximate cause of the occurrence, damages and injuries complained of herein.

### Damages

23. The negligence of the Defendants was a direct and proximate result of the occurrence and your Plaintiff's serious injuries and damages.

24. Your Plaintiff seeks damages, past and future as applicable for reasonable and necessary medical care in the past, as well as medical care costs that may be reasonably necessary in the future. In addition, he seeks damages herein for past and future physical pain and suffering, emotional anguish, physical disfigurement, physical disability, and physical impairment, as well as lost wages or loss of wage earning capacity.

## REQUESTS FOR DISCLOSURE

**Pursuant to Rule 194.2, Texas Rules of Civil Procedure, Plaintiff requests Defendants disclose to Plaintiff's attorney at 2525 Ridgmar Boulevard, Suite 228, Fort Worth, Texas 76116, the information and materials described in Rule 194.2(a) – (l), within 50 days of the date of service of this petition.**

**WHEREFORE, PREMISES CONSIDERED,** your Plaintiff prays that the Defendants be cited to appear and file an answer herein and that upon final hearing hereof she have judgment against the Defendants for her damages, prejudgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief, general or special, at law or in equity, to which she may show just entitlement.

Respectfully submitted,

BY: /s/ Justin A. Griffin
Justin A. Griffin
State Bar No. 24094689

A TRUE COPY
of the Original hereof, I certify
Sherry Griffis
District Court Clerk
Harrison County, Texas
By /s/ Deputy Clerk

PLAINTIFF'S ORIGINAL PETITION 7

J.A. Griffin Law Firm, P.C.
2525 Ridgmar Blvd., Suite 228
Fort Worth, Texas 76116
(817) 926-6153 – voice
(817) 730-9190 – facsimile
Justin@jagriffinlaw.com - email

**ATTORNEYS FOR PLAINTIFF**

## NOTICE TO DEFENDANTS ONLY

Now that you have been sued you must immediately notify your insurance company of this lawsuit and you must demand it defend you in this lawsuit. Your Scottsdale/Nationwide Insurance Management claims adjuster is Heidi Anderson. She can be reached at (651) 252-3133. The claim number is 01681654.

TRUE AND CORRECT COPY